EDWARDS, J.
Defendant/appellant J.W., a juvenile the age of fourteen (14) at the time of the offense, appeals the judgment of the trial court finding him guilty of theft less than $100.00 in violation of LSA-R.S. 14:67 and resisting arrest by flight in violation of LSA-R.S. 14:108. J.W. and an unidentified accomplice were accused of stealing food products from a Sonic restaurant in LaPlace and then fleeing a police officer when confronted. He alleges that the trial court erred in convicting him of the above crimes for lack of sufficient evidence. For the following reasons, it is the opinion of this Court that the appeal must be dismissed and the case remanded to the trial court for sentencing on the crime of resisting arrest by flight.
On December 30, 1999, Officer Brian Bertrand of the St. John Parish Sheriffs Office responded to a call from the Sonic restaurant in LaPlace. According to his testimony, an employee of Sonic called to report a theft of food |sby two juveniles. Since Officer Bertrand was in the immediate vicinity, he responded almost instantaneously. He testified that he observed two juveniles on bikes behind the Wal-Mart next to the Sonic and that they had Sonic bags in their hands. When the two juveniles saw the police unit, they dropped the bags, left their bikes and fled on foot. Officer Bertrand gave chase and caught J.W. as he was trying to jump a fence. The other juvenile was never apprehended.
On January 13, 2000, a petition was filed charging J.W. with the following crimes: (1) theft less than $100.00 in violation of LSA-R.S. 14:67, (2) simple criminal damage less than $500.00 in violation of LSA-R.S. 14:56, (3) resisting arrest by flight in violation of LSA-R.S. 14:108 and (4) aggravated battery in violation of LSA-R.S. 14:34. The matter went to trial before the Honorable Mary Hotard Becnel of the Fortieth Judicial District Court on August 15, 2000. At this time, the State moved to nol-pros the aggravated battery charge, which was granted by the court.
Officer Bertrand was called to the stand as the State’s only witness. After his examination, both parties submitted their case. J .W. did not call any witnesses to the stand. The trial court adjudicated J.W. a delinquent on the charges of theft of less than $100.00 in violation of LSA-R.S. 14:67 and resisting arrest by flight in violation of LSA-R.S. 14:108. However, the trial court found that the State had failed to carry its burden of proof as to the charge of simple criminal damage to property less than $500.00.
On December 5, 2000, a disposition hearing was held by the trial court. On the charge of theft of less than $100.00, the trial court sentenced J.W. to six (6) months with the Department of Corrections, with credit for time served in Detention, and placed him on one (1) year active probation. ' The trial court failed |4to sentence him on the charge of resisting arrest by flight.
J.W. filed a motion for appeal on December 6, 2000, which was subsequently granted by the trial court. The matter is now before this Court for review.
LAW AND ANALYSIS
J.W. alleges three assignments of error on appeal. In his first assignment of error, J.W. alleges that the trial court erred in finding him guilty of theft of less than $100.00 in violation of LSA-R.S. 14:67 as the evidence presented at trial was not sufficient to support the conviction. In his *162 second assignment of error, J.W. alleges that the trial court erred in allowing hearsay evidence to prove all elements of the crime of theft. In his third assignment of error, J.W. alleges that the trial court erred in finding him guilty of resisting arrest by flight in violation of LSA-R.S. 14:108 as he had not been placed under arrest at the time of flight. It is the opinion of this Court that the above listed assignments of error will not be addressed at this time. This Court does not have jurisdiction over the resisting arrest charge because the trial court did not sentence J.W. on that count. For the reasons listed below, the appeal must be dismissed and the case remanded for sentencing.
Prior to entering a judgment of disposition, the court shall conduct a disposition hearing.[1] At this hearing, the court shall orally inform the child and shall state for the record the consideration taken into account and the factual basis therefor in imposing the particular disposition chosen.[2]
The disposition hearing was held on December 5, 2000. The record [¡^reveals that the trial court only addressed the conviction of theft under $100.00 and J.W. was sentenced only on this conviction. No mention was made of the conviction for resisting arrest by flight and the trial court did not sentence J.W. on this conviction.
The judgment of disposition is a prerequisite for appellate review. In delinquency proceedings, an appeal may be taken only after a judgment of disposition.[3] The appeal shall include all errors assigned concerning the adjudication and disposition.[4]
J.W. has appealed and assigned as error both convictions. However, only the conviction on theft under $100.00 is ripe for appeal. Absent any record of a disposition hearing on the conviction of resisting arrest by flight, and a judgment of disposition in that regard, this Court does not have jurisdiction over that portion of the appeal. Rather than render an opinion on only a portion of the appeal, it is the opinion of this Court that the entire appeal must be dismissed and the case remanded to the trial court for sentencing on the conviction of resisting arrest by flight.
APPEAL DISMISSED; MATTER REMANDED FOR SENTENCING.

. LSA-Ch.C. art. 892.

. See LSA-Ch.C. art. 903(A).

. LSA-Ch.C. art. 330.

. Id.